IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CORNELIA BERNICE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-088 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Cornelia Bernice Taylor appeals the decision of the Acting Commissioner of Social Security ("The Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff applied for DIB on December 6, 2019, alleging a disability onset date of April 1, 2012. Tr. ("R."), pp. 182-188. Plaintiff was fifty years old at her alleged disability onset date and fifty-nine years old at the time the Appeals Council ("AC") denied review of the decision currently under consideration. R. 1-5. Plaintiff alleged disability based on back pain and anxiety. R. 222.

Plaintiff has a GED and accrued work history as a bindery operator at University Hospital in Augusta, Georgia. R. 45-46, 67, 223.

The State Agency denied Plaintiff's application initially and on reconsideration. R. 82, 92. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), (R. 109-110), and the ALJ held a telephone hearing on November 5, 2020.[1] R. 33-74. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Lavonne Brent, a Vocational Expert ("VE"). R. 34. On December 4, 2020, the ALJ issued an unfavorable decision. R. 19-28.

Applying the sequential process required by 20 C.F.R. §§ 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2012 through her date last insured of December 31, 2017 (20 CFR 404.1571 et s *seq*.).

2. Through the date last insured, the claimant had the following severe impairments: lumbar spine degenerative disc disease (20 CFR 404.1520(c)).

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

4. The claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except she can perform no more than frequent balancing and climbing ramps and stairs.[2] She can perform no more

---

[1]The hearing office had been closed to the public as of March 17, 2020, because of the COVID-19 pandemic. R. 19. Plaintiff expressly waived his right to an in-person hearing. R. 19, 36-38.

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there

   than occasional stooping, kneeling, crouching, crawling, and climbing ladders, ropes, or scaffolds.

5. Through the date last insured, the claimant was capable of performing past relevant work past relevant work as a bindery worker. This work did not require the performance of work-related activities precluded by the claimant's RFC (20 CFR 404.1565).

R. 22-28.

When the AC denied Plaintiff's request for review of this unfavorable decision, (R. 1-6), the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). On June 4, 2021, Plaintiff filed this civil action requesting reversal or remand of the adverse decision of the ALJ. (Doc. no. 1.) Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ (1) erred in determining that Plaintiff could perform her past relevant work of bindery operator; (2) failed to consider Plaintiff's combination of impairments in assessing her ability to engage in competitive work activities; and (3) failed to include all of Plaintiff's severe and non-severe impairments in the hypothetical question to the VE. See doc. no. 7 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 10 ("Comm.'s Br.").

II.   **STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether

---

   are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b).

3

the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are

not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

**III.   DISCUSSION**

Plaintiff argues the ALJ erred in determining Plaintiff could perform her past relevant work because, among other reasons, she suffers from anxiety and depression. Pl.'s Br. pp. 12-13. Plaintiff argues, "Given Plaintiff's other exertional and mental limitations, there is a lack of substantial evidence she could perform this job on a competitive basis, whether medium or light. The ALJ was still required to factor in all impairments in his assessment – whether the mental health issues were severe or non-severe."[3] Id. at 13, 19. The Commissioner argues the ALJ correctly determined Plaintiff's anxiety and depression were nonsevere and evidence showed "Plaintiff's improvement with medication; . . . normal thought process, insight and judgment, memory and mood and affect; and her ability to care for herself and her grandchildren." Comm'r's Br. pp. 7 (citing R. 23).

**A.   Step Four Framework for Formulating Plaintiff's RFC and past relevant work**

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. RFC is defined in the regulations "as that which an individual is

---

[3]Plaintiff also argues the ALJ erred by failing to consider Plaintiff's combination of impairments, citing case law showing "the ALJ must consider every impairment alleged." Pl.'s Br. pp. 1, 15. However, Plaintiff's support for her argument solely discusses whether the ALJ properly considered the opinion of Dr. Robert Franklin. See id. at 15-18. In a footnote at the conclusion of her third ground for remand, Plaintiff also states "the ALJ could not summarily ignore her depression and anxiety issues." Id. at p. 19 n.10.

still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

The ALJ must consider all of a claimant's impairments, severe and non-severe, in combination.  Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment.  We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,'. . . when we assess your residual functional capacity.").  As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe."

6

> While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

After determining a claimant's RFC, the ALJ evaluates whether claimant can perform past relevant work. When a claimant has an RFC allowing for performance of her past relevant work as she actually performed it or as generally performed in the national economy, she is not disabled. 20 C.F.R. § 404.1560(b). The claimant bears the burden showing an inability to return to her past relevant work. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). However, the Commissioner has a duty to develop a full and fair record, including inquiring into the specific requirements and demands of a claimant's past relevant work. Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (*per curiam*); Nazario v. Astrue, No. 07-61833-CIV, 2009 WL 347424, at *16 (S.D. Fla. Feb. 11, 2009); see also Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1356 (11th Cir. 2018) ("In processing disability claims, the ALJs do not simply act as umpires calling balls and strikes. They are by law investigators of the facts, and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case."). An ALJ may rely on the knowledge and expertise of a VE to in determining whether someone in claimant's position can perform past relevant work. See Simpson v. Comm'r of Soc. Sec., 423 F. App'x 882, 884 (11th Cir. 2011) (*per curiam*).

7

B.	The ALJ Erred in Determining Plaintiff's RFC

The Court concludes the case must be remanded based on the ALJ's failure to include any mental restrictions in the RFC assessment. Plaintiff began seeing Dr. Robert Franklin as her primary care doctor in 2015. R. 24, 589. He diagnosed her with depression, panic attacks, and anxiety starting in 2011, and has been prescribing her medication since 2015, though Plaintiff had been taking anxiety medication prior to meeting Dr. Franklin. R. 99, 590, 592; see, e.g., R. 562, 572, 587. On a 2019 questionnaire, Dr. Franklin rated Plaintiff's insight/judgment/impulse control and ability to deal with changes in the work setting as abnormal and opined she was highly likely to decompensate or become unable to function under stress. R. 305, 591-92. In 2020, Dr. Franklin described Plaintiff as "disabled completely and totally" and "not able to work at any work." R. 605, 618.

Conversely, the state agency medical consultant Dr. Robert Koontz gave opinion evidence "showing no clear objective findings related to the claimant's subjective allegations of anxiety symptoms." R. 23, 75-82. The medical evidence as a whole also did not contain evidence of abnormalities or longitudinal treatment that would indicate Plaintiff had a severe mental impairment. R. 23. Thus, the ALJ ultimately found Dr. Franklin's opinion unpersuasive because it was unsupported by and inconsistent with the other evidence available. R 23-24.

Still in step two, the ALJ assessed the four broad functional areas used to evaluate mental disorders and found Plaintiff had mild limitations in the following areas: interacting with others, managing oneself, and maintaining concentration, persistence, or pace. R. 23. After reviewing the above mental health evidence, the ALJ concluded Plaintiff did have the

medically determinable impairments of anxiety and depression, but the impairments "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and [were] therefore nonsevere". R. 22. The ALJ emphasized the above analysis was not an RFC assessment and stated a "more detailed assessment" would be required for mental RFC assessment in steps four and five. R. 23.

The ALJ failed to conduct a more detailed assessment. In formulating Plaintiff's RFC at step four, the ALJ completely omitted any discussion of mental impairments. See Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268-69 (11th Cir. 2019) (remand merited when ALJ did not overtly conduct the mentioned "more detailed assessment"). The ALJ began the RFC assessment with Plaintiff's testimony regarding her severe impairment – degenerative disc disease – then moved into the medical evidence concerning Plaintiff's chronic lower back pain. R. 25. All evidence cited pertained to Plaintiff's daily activities, past physical examinations, back pain, and care for her back pain. See R. 25-26. The evidence the Commissioner cites regarding thought process and medication was not included in the RFC assessment, and the evidence concerning self-care was only discussed in the context of Plaintiff's physical impairments. Comm'r's Br. p. 7; See R. 26. The ALJ concluded that Plaintiff had an RFC to perform light work subject to some physical limitations, finding "the claimant can perform no more than frequent balancing and climbing ramps and stairs. The evidence further supports a limitation to no more than occasional stooping, kneeling, crouching, crawling, and climbing ladders, ropes, or scaffolds." R. 26. With the RFC established and after considering testimony from the VE, the ALJ found Plaintiff could return to her past relevant work as it was generally performed. R. 27.

Even though the ALJ wrote he "considered all symptoms" in formulating the RFC, no mention was made of Plaintiff's anxiety or depression which the ALJ had previously deemed medically determinable but nonsevere.  See R. 25;  See also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021)("although the ALJ stated he 'considered all symptoms,' his decision demonstrates that he did not.").  There is no apparent explanation why, even assuming arguendo it was appropriate to discount Dr. Franklin's opinion, the ALJ did not include mental limitations in the RFC.  Therefore, the record does not show the ALJ properly considered the combined effects of all of Plaintiff's impairments, including any non-severe mental impairments, in formulating the RFC.  See Heatly 382 F. App'x at 825.  The RFC assessment, which led to the subsequent past relevant work determination, is incomplete without express recognition of Plaintiff's anxiety and depression, and the Court cannot agree substantial evidence supports the Commissioner's decision.  Schink 935 F.3d at 1268.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application.  However, in the absence of any reference to Plaintiff's mental impairments in the RFC assessment, the Court cannot affirm the administrative decision as supported by substantial evidence.  As such, remand is warranted.  The Court need not reach Plaintiff's remaining contentions.  See Pupo, 17 F.4th at 1066 n.4 (offering no opinion on all alleged errors where remand required on two of four issues but instructing on remand, "the ALJ is to reconsider [claimant's] claim based on entire record").  Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 8th day of February, 2022, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA